**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

NICOPURE LABS, LLC,

Plaintiff,

v.

HEALTH MAX GROUP, INC.,

Defendant.

Case No:

**Injunctive Relief Requested**

**COMPLAINT**

Plaintiff, Nicopure Labs, LLC ("Nicopure") sues Defendant, Health Max Group, Inc. ("Health Max"), as follows:

**NATURE OF THE ACTION**

1. This action is brought under the trademark laws of the United States, including the Lanham Act, 15 U.S.C. §§ 1051 *et seq.*, for trademark infringement, false advertising, false designation of origin, and unfair competition. Nicopure also brings state law claims for misleading advertising and deceptive and unfair trade practices.

**JURISDICTION AND VENUE**

2. This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. §§ 1331 (federal question jurisdiction) and 1338 (civil action arising under any Act of Congress relating to trademarks).

3. Health Max has committed acts of trademark infringement and unfair competition within this judicial district.

4. Personal jurisdiction over Health Max is vested in this Court by virtue of (a) Health Max's commission of a tortious act in Florida by committing trademark infringement through its various websites which are accessible in Florida and because Health Max's trademark infringement harmed Nicopure in Florida; (b) Health Max's general presence within Florida due to selling its products within the state; and (c) Health Max's specific presence within Florida due to it selling and offering to sell within Florida the goods at issue in this complaint.

5. Venue is proper in this Court pursuant to 28 U.S.C. 1391 for four reasons: (1) Nicopure's claims arise within this District; (2) Nicopure resides in this District; (3) Health Max has committed tortuous acts within this District; and (4) Health Max has committed tortuous acts outside this District which impact Nicopure within this District.

## PARTIES

6. Nicopure is a Florida limited liability corporation with its principal place of business located at 7916 Evolutions Way, Suite 200, Trinity, Pasco County, Florida 34655.

7. Health Max is a corporation organized under the laws of the state of Washington with its principle place of business located at 701 Fifth Avenue, Columbia Tower, 42nd Floor, Seattle, Washington 98104.

## GENERAL ALLEGATIONS

### A. Nicopure's Marks

8. Nicopure is a leading marketer and seller of high quality electronic cigarettes, e-liquids, vaporizers and all related components.

9. Nicopure was founded in 2009 to provide smokers and non-smokers an alternative, high quality nicotine delivery system.

10. Nicopure is the exclusive owner of all rights, title and interest to the following United States trademarks:

(i) HALO®, U.S. Registration No. 4,605,333, as used since at least June 2009 in connection with smokeless cigarette vaporizer pipes in Class 34. Reg. Date: September 16, 2014; First Use in Commerce: June 26, 2009.

(ii) HALO®, U.S. Registration No. 4,027,086, as used since at least November 2010 in connection with tobacco in Class 34. Reg. Date: September 13, 2011; First Use in Commerce: June 15, 2011.

(iii) HALO®, U.S. Registration No. 4,535,717, as used since at least June 2009 in connection with cartridges filled with propylene glycol for electronic cigarettes in Class 1 and electronic cigarettes in Class 34. Reg. Date: May 27, 2014; First Use in Commerce: June 26, 2009.

(iv) HALOCIGS®, U.S. Registration No. 4,734,046, as used since at least January 2014 in connection with smokeless cigarette vaporizer pipes in Class 34. Reg. Date: May 12, 2015; First Use in Commerce: January 15, 2014.

(v) HALOCIGS®, U.S. Registration No. 4,543,595, as used since at October 2009 in connection with cartridges filled with propylene glycol for electronic cigarettes in Class 1, battery chargers, electronic cigarette batteries in Class 9, and electronic cigarettes in Class 34. Reg. Date: June 3, 2014; First Use in Commerce: December 30, 2009.

(vi) HALO PURITY®, U.S. Registration No. 4,674,752, as used since at least June 2009 in connection with electronic cigarette liquid (e-liquid) comprised of propylene glycol in Class 1. Reg. Date: January 20, 2015. First Use in Commerce:

June 01, 2009.

(vii) HALO PURITY®, U.S. Registration No. 4,916,737, as used since at least December 2009 in connection with electronic cigarette liquid (e-liquid) comprised of propylene glycol in Class 34. Reg. Date: March 15, 2016. First Use in Commerce: December 31, 2009.

The registrations in the above marks are referred to collectively as "the Halo Marks." Copies of the registration certificates are attached as Exhibit A.

11. All of the trademark registrations set forth above are valid, unrevoked and uncancelled. The registration of those marks constitutes prima facie evidence of their validity and conclusive evidence of Nicopure's exclusive right to use the Halo Marks in commerce.

12. Nicopure is the sole and exclusive owner of the Halo Marks as used in connection with the goods referred to in each registration and all of the associated goodwill.

13. The Halo Marks are symbolic of the goodwill and consumer recognition built up by Nicopure through substantial amounts of time and effort in advertising and promotion.

14. Since the Halo Marks were first used in commerce and without interruption, Nicopure has expended considerable resources of both time and money to promote the Halo Marks in association with its e-liquid, electronic cigarettes and vaporizer business.

15. Nicopure is relied upon by consumers as a provider of the highest quality, American made e-liquid for use in its electronic cigarettes and vaporizers for sale in retail outlets online and across the country under the Halo Marks since 2009.

16. Nicopure maintains and operates a website advertising its services at www.halocigs.com.

17. Nicopure has worked diligently to cultivate and preserve its reputation as a provider of high quality products with an understanding that confidence in these standards under the Halo Marks is essential in continuing and promoting its services. As a result, the Halo Marks are well known and respected in the electronic cigarettes and vaporizer industry across the United States.

**B. Health Max's Infringing Activities**

18. In February 2017, Nicopure learned that Health Max was selling, distributing and advertising for sale products using the name Halo.

19. Health Max offers for sale products containing the cannabis compound Cannabidiol ("CBD") such as e-liquids, oils, drops, cartridges, vaporizers and accessories under the name Halo.

20. These products is very similar to Nicopure's products.

21. Nicopure first used and registered the Halo Marks long before Health Max first used its name in trade or commerce. Nicopure was using the term "Halo" as a mark as early as June 2009 and its three marks protecting the term "Halo" were registered in September 2011 and September 2014. According to Health Max's corporate filings, it did not begin conducting business until November 2016 and its predecessor company, Halo Biosynthesis Laboratories, Inc. did not begin operating until December 2014. Copies of the corporate filings of Health Max and Halo Biosynthesis Laboratories, Inc. are attached as Exhibits B and C, respectively. In other words, Health Max began using the term Halo in association with its products after the Halo Marks were federally registered by Nicopure.

22. Health Max has undertaken an advertising campaign, including internet marketing, which improperly suggests an association with Nicopure's registered Halo Marks

where there is none.

23. Given the similarities between the respective marks, Health Max's unauthorized use of the Halo Marks is likely to cause consumer confusion or to cause mistake or to deceive the consuming public.

24. Health Max's bad faith and willful actions as described above are a deliberate attempt to compete unfairly, cause confusion in the marketplace, and improperly capitalize on the hard earned goodwill and reputation of Nicopure.

25. Health Max's actions are likely to affect interstate commerce by deceiving or confusing relevant consumers throughout the nation as to the source of Health Max's products and services.

26. These bad faith and willful actions suggest that there is a connection between Nicopure and Health Max, when no such connection exists.

**COUNT I:**
**Infringement of a Registered Trademark Under Section 32(a) of the Lanham Act,**
**(15 U.S.C. § 1114(1)(a))**
**(Injunctive Relief and Damages)**

27. Nicopure incorporates the general allegations above.

28. Health Max's wrongful adoption and use of the term "Halo" is so similar to the Halo Marks that it constitutes use of those marks.

29. Health Max knowingly and willfully used and continues to use the Halo Marks despite their knowledge of Nicopure's prior rights thereto.

30. Further, Health Max's conduct is likely to cause confusion, to cause mistake or to deceive as to source, sponsorship or authorization of Health Max's products and services.

31. Health Max's actions constitute trademark infringement of Nicopure's rights in violation of Section 32(a) of the Lanham Act, 15 U.S.C. § 1114.

32. As a proximate result of the acts of Health Max, Nicopure has suffered and will continue to suffer damage to its business, goodwill, reputation, and profits.

33. Further, Health Max is reaping substantial benefits at Nicopure's expense. Therefore, Nicopure is entitled to damages, Health Max's profits attributable to its wrongful acts, which are presently indeterminate, or statutory damages if appropriate, and the reasonable attorney's fees and costs of this action.

34. Nicopure has no adequate remedy at law for such infringement. Unless Health Max is permanently enjoined, Nicopure will continue to suffer irreparable harm.

**COUNT II**
**Misrepresentation, False Designation of Origin, False Advertising and Unfair Competition Under § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(B)**
**(Injunctive Relief and Damages)**

35. Nicopure incorporates the general allegations above.

36. Nicopure has built a substantial commercial advantage through consistent use and promotion of its name and the Halo Marks.

37. By reason of Health Max's wrongful adoption and use of a term that is substantially similar to a term used by Nicopure, consumers are likely to be deceived into believing that Health Max's products and services are sponsored or endorsed by or otherwise associated with Nicopure in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

38. The substantial similarities between the names, products, and services of Nicopure and Health Max will likely confuse, mislead and deceive members of the public

into believing that Health Max's e-liquid, drops, and vaporizer products originate from or are affiliated with Nicopure's e-liquid, electronic cigarettes and vaporizer products. Such actions trade unfairly upon Nicopure's name and the Halo Marks and misappropriate the goodwill that Nicopure has expended time, labor, and money to create.

39. Health Max's actions in adopting and using a term that is substantially similar to the Halo Marks, constitutes misappropriation of a commercial advantage that belongs to Nicopure. Because Health Max was at all times aware of the pre-existing Halo Marks, its actions constitute bad faith.

40. Health Max's actions as alleged above constitute unfair competition, passing off, and false designation of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

41. As a proximate result of the acts of Health Max, Nicopure has suffered and will continue to suffer great damage to its business, goodwill, reputation, and profits.

42. Further, Health Max is reaping substantial benefits at Nicopure's expense. Therefore, Nicopure is entitled to damages, Health Max's profits attributable to its wrongful acts, which are presently indeterminate, or statutory damages if appropriate, and the reasonable attorney's fees and costs of this action.

43. Nicopure has no adequate remedy at law for such unfair competition, false designation of origin, passing off, misleading description or misrepresentation of fact, and unfair competition. Unless Health Max is permanently enjoined, Nicopure will continue to suffer irreparable harm.

## COUNT III
**Misleading Advertising (§817.41, Florida Statutes)**

44. Nicopure incorporates the general allegations above.

45. Through its actions described above, Health Max made or disseminated, or caused to be made or disseminated, to the general public of Florida or a portion thereof, advertising which identifies itself as selling products under the Halo trade name.

46. This conduct is likely to cause confusion, or to cause mistake, or to deceive the general public into believing that the Health Max products are associated with Nicopure and the Halo Marks.

47. The above misrepresentations were material, as they deceived consumers about the nature and quality of Health Max's product and service, and induced consumers to patronize Health Max's business instead of purchasing Nicopure's products, or they are substantially likely to do so.

48. Health Max knew or should have known that its advertisements were misleading, and that the representations in the advertisements were false.

49. Health Max intended that the false representations would induce consumers to act on them.

50. By virtue of these acts by Health Max, Nicopure has suffered, and will continue to suffer, damages and irreparable harm unless Health Max is preliminarily and permanently enjoined by this Court from using the Health Max website and product, or any colorable imitations thereof, or any other mark, the use of which is likely to cause confusion, or to cause mistake, or to deceive in relation to the Halo Marks.

51. For those acts committed prior to the issuance of an injunction, Nicopure requests restitution of Health Max's profits in an amount to be shown at trial.

52. Nicopure is further entitled to compensatory damages based on Nicopure's loss of profits and damage to its goodwill and business reputation that have been caused by Health Max's unfair and competitive acts.

53. Nicopure also demands its costs, including reasonable attorney's fees, as allowed under section 817.41(6), Florida Statutes.

**COUNT IV**
**Unfair and Deceptive Trade Practices**
**(§501.201, et. seq., Florida Statutes)**

54. Nicopure incorporates the general allegations and the allegations in Counts I-III above.

55. This claim arises under the law of the State of Florida.

56. Health Max's trademark infringement, unfair competition, false and misleading advertising, deceptive advertising, and unauthorized use the Halo Marks constitute unfair or deceptive acts or practices in the conduct of trade or commerce.

57. Health Max has adopted and used a term that is substantially similar to the Halo Marks with the intent to deceive or mislead the public.

58. Through Health Max's actions, Health Max has engaged in a deceptive business act or practice in violation of the Florida Deceptive and Unfair Trade Practice Act, section 501.201, et. seq., Fla. Stat. (2015).

59. Health Max's unlawful conduct has proximately caused Nicopure to suffer and will continue to suffer damage to its business, reputation, and goodwill. Therefore, Nicopure is entitled to damages which include, but are not limited to, the profits attributable to Health Max's infringement, which are presently indeterminate, and the reasonable attorney's fees and costs of this action.

60. Nicopure has no adequate remedy at law for such deceptive trade practices. Unless Health Max is permanently enjoined, Nicopure will continue to suffer irreparable harm.

## PRAYER FOR RELIEF

**WHEREFORE**, Nicopure prays for judgment against Health Max as follows:

I. That Health Max, its officers, agents, servants, employees, attorneys, privies, subsidiaries, divisions, successors and assigns, and all persons and organizations in active concert, participation or combination with any of the foregoing be permanently enjoined from and/or ordered to:

1. Stop using Nicopure's Halo Marks or any colorable imitation thereof, or any other mark, the use of which is likely to cause confusion, or to cause mistake, or to deceive including but not limited to the term Halo;

2. Stop using, in connection with the offering for sale or sale of any services and/or products, any false designation, description or representation stating or implying that Nicopure is the origin of, has authorized, or is connected with such services or goods;

3. Take all steps necessary to remove the Halo Marks, or any other name, mark or symbol likely to cause confusion with the Halo Marks, from any brochures, advertisements, internet listings and/or advertisements, or any other materials printed or to be printed or distributed (including internet distribution); and

4. Hold in a constructive trust all proceeds from the sale of any product which utilizes Nicopure's Halo Marks;

II. That Nicopure obtains the following additional relief:

1. An accounting and restitution of any profits Health Max has gained through the use of Nicopure's Halo Marks pursuant to 15 U.S.C. § 1117;

2. All compensatory damages pled and proved in an amount to be determined at trial pursuant to 15 U.S.C. § 1117;

3. For attorneys' fees and costs that Nicopure has incurred in bringing this action;

4. Damages for willful infringement pursuant to Title 15 U.S.C. § 1117, plus punitive damages;

5. An order granting immediate permanent injunctive relief necessary to prevent Health Max's continued violation of the Halo Marks, and to prevent the irreparable harm that would flow to Nicopure from such interference; and

6. Such other and further relief as to this Court may seem just and proper.

**DEMAND FOR JURY TRIAL**

Nicopure demands a trial by jury on all claims for relief in this Complaint on which Nicopure has a right to trial by jury.

Date: March 28, 2017

/s/ David L. Luikart____________________
David L. Luikart III – Trial Counsel
Florida Bar No. 21079
dave.luikart@hwhlaw.com
michelle.armstrong@hwhlaw.com
Tori C. Simmons
Florida Bar No. 107081
tori.simmons@hwhlaw.com
lee.casteris@hwhlaw.com
HILL, WARD & HENDERSON, P.A
Post Office Box 2231
Tampa, Florida 33601-2231
(813) 221-3900 (Telephone)
(813) 221-2900 (Facsimile)
Attorneys for Plaintiff